**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**NATHAN LOCUR SMITH,**

    **Plaintiff,**

**v.**                                      **CIVIL ACTION NO. 5:16-05700**
                                             **(Criminal Action No. 5:01-00004)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1). Magistrate Judge Eifert submitted her Findings and Recommendation ("PF&R") to the court on December 7, 2017, in which she recommended that this court deny Smith's motion under 28 U.S.C. § 2255 as untimely, dismiss the matter with prejudice, and remove the matter from the court's docket. In so doing, Magistrate Judge Eifert found that, pursuant to Beckles v. United States, 137 S. Ct. 886 (2017), and United States v. Brown, 868 F.3d 297, 304 (4th Cir. 2017), Smith's motion was untimely.

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Eifert's Findings and Recommendations. On February 8, 2018, after obtaining an

extension of time for doing so, plaintiff filed objections to the magistrate judge's Findings and Recommendation.

In those objections, Smith argues that <u>Brown</u> was wrongly decided. <u>See</u> ECF No. 818 at p.3 ("The opinion of the court in <u>United States v. Brown</u>, 868 F.3d 297 (4th Cir. 2017), is clearly contrary to already established law. . . ."). Smith maintains that "Justice Duncan's opinion in the <u>Brown</u> court eminates [sic] from a position of `carefully' applying the law viz-a-viz [sic] `carefully crafted' opinions that avoid addressing the legal issue at hand." <u>Id.</u> at p.4.

> Your movant is of the opinion that the Supreme Court does not need to hold the hand of adjudicators in every step of litigation when the adjudicators are lawyers who went through the rigors of undertaking legal studies and ultimately practiced law; and were then able to secure judgeships as a result of developed reputations in the field of law. It is your movants [sic] understanding that it is for this reason courts are hesitant to overturn or overrule lower court decisions, unless they are clearly wrong.
>
> To not grant your movant's § 2255 motion would only serve to delay justice to an individual with a family, children, and loved ones who have a hope in a fair and equal justice system for those who are incarcerated for extraordinarily long periods of time for non-violent offenses. While your movant "waits" for someone with testicular fortitude to address the illegality of my sentence, life goes on, people get older, and love[d] ones and support fade away. Life becomes meaningless in the face of judicial/bureaucratic "red tape".

<u>Id.</u> at pp.4-5. Smith goes on to argue that this court should ignore binding precedent and vacate his sentence. As he puts it:

2

> To abandon your movant in a legal quagmire
> would be a miscarriage of justice in, and of,
> itself. The ultimate purpose [of] the Supreme
> Court's rulings, literally revamping the role of
> the judiciary was to enhance the efficiency of
> justice. That goal, in your movants [sic]
> respective opinion, should be the primary concern
> of the judiciary in order to restore public
> confidence in fair and equal justice as
> guaranteed by the United States Constitution.
> The fear of an implication outside the realm of
> the tunnel vision needed in applying legal
> jurisprudence should not be what hinders
> appropriation of justice.

Id. at p.6.

Notwithstanding Smith's argument to the contrary, this court is bound by the Brown decision. See Adkins v. United States, Civil Action No. 2:16-cv-05725, 2018 WL 3715746, *1 (S.D.W. Va. Aug. 3, 2018) (Copenhaver, J.) (denying § 2255 motion as foreclosed by Brown because even though "the court recognizes the thoughtful analysis in movant's objections, the conclusion reached by the magistrate judge is in keeping with Fourth Circuit precedent"); see also Jordan v. United States, Nos. 1:09CV816, 1:07CR207-1, 2010 WL 2347076, *3 (M.D.N.C. June 3, 2010) ("This court must follow, rather than change, binding precedent. . . . Unless and until the Fourth Circuit concludes that [Brown] is not valid law, this court must follow it."). Furthermore, the arguments Smith makes herein were specifically considered by the court in Brown and rejected.

> Petitioner's argument rested on the
> premise that Johnson's holding invalidated not
> only ACCA's residual clause, but also like-worded
> residual clauses in the Sentencing Guidelines.

* * *

Petitioner acknowledges, as he must, that the Supreme Court's recent holding in Beckles, forecloses his argument that Johnson explicitly invalidated all residual clauses with wording similar to ACCA's invalidated residual clause. Petitioner nevertheless urges this court to extrapolate a recognized right from Booker, Johnson, and Beckles, read together. Petitioner and the dissent maintain that we can find his asserted right in the principles animating these decisions even though none of them, nor any other Supreme Court precedent, have recognized a right to challenge the pre-Booker mandatory Sentencing Guidelines as void for vagueness and despite the fact that the Beckles Court expressly declined to address the issue of whether the pre-Booker mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges. See Beckles, 137 S. Ct. at 895; see also id. at 903 n.4 (Sotomayor, J., concurring).

* * *

Petitioner urges this court to cobble together a right by combining Johnson's reasoning with that of two other Supreme Court cases, Booker and Beckles. Petitioner's three-case extrapolation begins with the unobjectionable premise that Booker recognized a constitutional distinction between mandatory Sentencing Guidelines and advisory Sentencing Guidelines. Booker, 543 U.S. at 245, 125 S. Ct. 738. Moving on from Booker, Petitioner argues that the mandatory Sentencing Guidelines cabined a sentencing judge's discretion in a manner that raises the same concerns animating the Supreme Court's decision in Johnson: denying fair notice to defendants and inviting arbitrary enforcement by judges. Johnson, 135 S. Ct. at 2557. To prove this point, Petitioner points to several related cases in the lower courts, which he claims serve as evidence that "the mandatory Guidelines look and act like the ACCA." Reply Br. at 18. Finally, Petitioner points out that the Beckles Court carefully limited its holding to the advisory Sentencing Guidelines, thus, in his view, leaving open the question of whether

4

> defendants could challenge sentences imposed under the mandatory Sentencing Guidelines as void for vagueness. Beckles, 137 S. Ct. at 895; see also id. at 903 n.4 (Sotomayor, J., concurring).
>
> Yet Petitioner's argument is self-defeating. If the Supreme Court left open the question of whether Petitioner's asserted right exists, the Supreme Court has not "recognized" that right. . . .
>
> * * *
>
> Hence, Beckles confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause.
>
> * * *
>
> We are constrained from reading between the lines of Booker, Johnson, and Beckles to create a right that the Supreme Court has yet to recognize. We are compelled to affirm because only the Supreme Court can recognize the right which would render Petitioner's motion timely under § 2255(f)(3).

Brown, 868 F.3d at 300, 302, and 304.

For the foregoing reasons, plaintiff's objections are **OVERRULED**. The court **ADOPTS** the findings and conclusions contained in Magistrate Judge Eifert's PF&R, **DENIES** plaintiff's motion Under 28 U.S.C. § 2255, **DISMISSES** this matter with prejudice, and **DIRECTS** the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

5

2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.*

The Clerk is **DIRECTED** to send copies of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

---

* The court acknowleges that Brown is contrary to decisions from several other federal appeals courts. See, e.g., Moore v. United States, 871 F.3d 72, 82 (1st Cir. 2017). However, as another district court recently made clear in denying a certificate of appealability, "Brown is now settled law in this circuit". Beckham v. United States, 3:16-cv-470-GCM, 2018 WL 6018864, *2 (W.D.N.C. Nov. 16, 2018). The Beckham decision noted:

> The Court recognizes that Chief Judge Gregory wrote a dissent in the Fourth Circuit's Brown decision arguing that the petitioner there should be entitled to relief under Johnson and Beckles. The Court also recognizes that Justice Sotomayor wrote a dissent in the Supreme Court's decision denying the petition for certiorari in Brown, in which Justice Ginsburg joined. Nevertheless, the Court of Appeals' decision in Brown is binding. Whether this Court or other reasonable jurists may differ on whether Brown was correctly decided, it cannot reasonably be disputed that the holding of Brown is binding on this Court and on subsequent panels of the Court of Appeals.

Id.

IT IS SO ORDERED this 22nd day of March, 2019.

        ENTER:

        David A. Faber
        Senior United States District Judge